Voto disidente emitido por el
Juez Presidente Señor Hernández Denton.
En este caso, el Secretario de Justicia nos solicita mediante un auto de mandamus que ordenemos al Tribunal de Apelaciones ejercer su deber ministerial de dejar sin efecto una orden en auxilio de jurisdicción emitida el 22 de agosto de 2008. Mediante esta orden, el foro apelativo paralizó indefinidamente un procedimiento disciplinario lie *829 vado por el Departamento de Justicia contra un fiscal. Ello para preservar el status quo, mientras revisa una resolución del Tribunal de Primera Instancia que deniega un entredicho provisional solicitado por el fiscal querellado. Por entender que la acción provisional tomada por el Tribunal de Apelaciones tiene el mismo efecto de un injunction preliminar, sin que se cumplan los criterios del recurso ex-traordinario, y ante la realidad de que la orden constituye, por sí sola, un remedio más amplio al solicitado ante el foro apelativo, disentimos de la determinación de este Tribunal de denegar el recurso de autos.
I
El caso de epígrafe tiene su génesis en el proceso disciplinario que el Departamento de Justicia inició contra el Ledo. Felipe Algarín Echandi —quien es Fiscal Auxiliar II— con relación al hurto de propiedad pública en la Fiscalía de Humacao. Luego de varios incidentes procesales ante la Inspectora General del Departamento de Justicia, una oficial examinadora de esta agencia citó al licenciado Algarín Echandi a una vista previa informal que se celebraría el 14 de agosto de 2008. La representación legal del licenciado Algarín Echandi solicitó la posposición de la vista, por lo que la Oficial Examinadora asignada al caso determinó posponerla para el 22 de agosto de 2008.
Luego de solicitar infructuosamente una segunda posposición de la vista previa informal, el 21 de agosto de 2008 el licenciado Algarín Echandi presentó una demanda jurada ante el Tribunal de Primera Instancia, así como un escrito titulado “Solicitud de entredicho provisional y/o injunction preliminar y remedios provisionales”, en los que solicitó que se paralizara la vista. Ese mismo día, el foro de instancia denegó mediante resolución el entredicho provisional. No obstante, y con el propósito de dilucidar la procedencia de los reclamos restantes, pautó una Conferencia con Antelación a la Vista en su Fondo a celebrarse el 5 de septiembre de 2008.
*830 Inconforme, el licenciado Algarín Echandi presentó ante el Tribunal de Apelaciones una apelación acompañada de una moción en auxilio de jurisdicción con el propósito de que se revocara la determinación del foro de instancia que denegó el entredicho provisional solicitado. El tribunal apelativo acogió el recurso como un certiorari, ordenó la paralización de la vista informal previa, y le concedió al Departamento de Justicia un término de diez días para que se expresara sobre el recurso en sus méritos. Transcurridas más de dos semanas desde que el Tribunal de Apelaciones dictó la resolución, y luego de comparecer ante dicho foro sin que éste tomara acción ulterior, el Hon. Roberto J. Sánchez Ramos acude ante este Tribunal mediante una “Petición de mandamus” para que ordenemos al Tribunal de Apelaciones ejercer su deber ministerial de dejar sin efecto su orden de paralización emitida el 22 de agosto de 2008.
Una mayoría de este Tribunal se niega a expedir este recurso. Por lo tanto, discrepamos de ese curso de acción. Veamos.
II
En este caso, nos enfrentamos a una situación anómala y muy particular de la práctica apelativa. En auxilio de su jurisdicción, el Tribunal de Apelaciones paralizó indefinidamente la vista informal previa señalada ante la Oficial Examinadora del Departamento de Justicia mientras dilucida el recurso en el que solicita que se revoque la denegatoria del entredicho provisional por el Tribunal de Primera Instancia. Nótese, pues, que esa orden en auxilio de su jurisdicción, al ordenar la paralización indefinida de la vista, tuvo el efecto de un injunction preliminar.
En primer lugar, la Regla 79 del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A. Ap. XXII-B, dispone que las órdenes en auxilio de jurisdicción se regirán por las disposiciones pertinentes del Código de Enjuiciamiento Civil y de las Reglas de Procedimiento Civil, por lo que las reglas *831 procesales que regulan el entredicho y los injunctions son pertinentes en este caso. Como se sabe, un entredicho provisional se concede ex parte y por un término máximo de diez días. 32 L.P.R.A Ap. Ill, R. 57.2. Por otro lado, la paralización indefinida de la vista informal previa, mediante una orden en auxilio de jurisdicción, constituye un injunction preliminar, que en esencia equivale a un remedio mucho más amplio y abarcador que el propio entredicho que el foro de instancia se negó a conceder y que ahora se encuentra en revisión ante el Tribunal de Apelaciones, además de que requiere la celebración de una vista y de notificación previa para su concesión. 32 L.P.R.A. Ap. Ill, R. 57.1.([1]) Más aún, dado que el tribunal apelativo acogió un recurso de revisión de la denegatoria del entredicho, el Departamento de Justicia aún no ha tenido la oportunidad de ser oído ni de contestar la demanda original ante el foro de instancia.
¿Qué podría hacer el Tribunal de Apelaciones si, luego de paralizar el caso por varias semanas, determina expedir el certiorari y revocar la determinación del Tribunal de Primera Instancia de denegar la solicitud de entredicho provisional? Procedería entonces el entredicho provisional por un término máximo de diez días y se devolvería el caso al foro de instancia para que evalúe la demanda en sus méritos. Evidentemente, el licenciado Algarín Echandi obtuvo un mejor remedio mediante la orden provisional que emitió el Tribunal de Apelaciones que el efecto que podría tener la concesión del propio entredicho solicitado.
En vista de ello, creemos que el tribunal apelativo erró al conceder la orden de paralización en auxilio de jurisdicción —paralizando indefinidamente la acción disciplinaria llevada contra el licenciado Algarín Echandi— con el propósito de revisar la denegatoria de un entredicho provisional. Como ya mencionamos, este remedio extraor *832 dinario sólo podría tener una duración máxima de diez días, los cuales son prorrogables únicamente si media justa causa. Al ser una orden provisional ex parte para revisar la denegatoria de un entredicho, entendemos que no debe ex-cederse del término de diez días que caracteriza a dicho recurso extraordinario, a menos que el tribunal expresamente prorrogue dicho término de conformidad con la Regla 57.2 de Procedimiento Civil, supra. Además, la orden de paralización de un procedimiento disciplinario sin notificación previa y sin que el Departamento de Justicia haya tenido el derecho a ser oído debe cumplir rigurosamente con los requisitos de estricto cumplimiento para la concesión de este remedio. Véase E.L.A. v. Asoc. de Auditores, 147 D.P.R. 669, 680 (1999).
Por otro lado, el recurso extraordinario de mandamus constituye un vehículo procesal adecuado para revisar una orden de entredicho provisional emitida incorrectamente por un foro de inferior jerarquía o en exceso de su jurisdicción. Véase In re King World Productions, Inc., 898 F.2d 56, 59 (6to Cir. 1972). Asimismo, hemos expresado que “la inercia del juez ... da derecho al ejercicio del recurso extraordinario de mandamus”. Pueblo v. Mojica Cruz, 115 D.P.R. 569, 575-576 (1984). En vista de que aquí no se cuestiona la corrección de la orden provisional emitida inicialmente por el tribunal apelativo, sino su omisión en dejarla sin efecto o prorrogarla en el término jurisdiccional establecido para ello, creemos que procede el mandamus solicitado. Véase D. Rivé Rivera, Recursos Extraordinarios, San Juan, Ed. U.I.A., 1989, págs. 97-99.
Por último, nos preocupa la intervención a destiempo de los tribunales en un procedimiento administrativo disciplinario iniciado por una agencia gubernamental a raíz de una investigación sobre la alegada apropiación ilegal de un bien mueble del Estado. En este caso, el Departamento de Justicia citó al licenciado Algarín Echandi a una vista informal ante una oficial examinadora para concederle una oportunidad a ser oído y refutar los hallazgos de la investigación que condujo la agencia en su contra, según lo re *833 querido por el debido proceso de ley. No obstante, el tribunal apelativo paralizó indebida y prematuramente el procedimiento administrativo sin que el Departamento concluyera éste y sin que el licenciado Algarín Echandi agotara los remedios administrativos disponibles. Esta actuación es contraria a nuestro ordenamiento y a las nor-mas básicas de la práctica apelativa.
Por todo lo expuesto, disentimos de la determinación de este Tribunal de negarse a expedir el recurso solicitado. Ante el hecho de que la procedencia del entredicho provisional es el único asunto planteado en el caso KLAN200801329, y en vista de que el foro apelativo ya no tiene jurisdicción para mantener vigente esta orden, ordenaríamos al Tribunal de Apelaciones devolver el caso al foro administrativo para la continuación del procedimiento disciplinario.

(1) Cabe destacar que la Regla 57.6 de Procedimiento Civil, 32 L.P.R.A. Ap. III, no aplica a este caso, pues esta se refiere exclusivamente a la facultad de los tribunales apelativos en los supuestos que se recurre o apela de la concesión o denegatoria de un injunction, mas no de un entredicho provisional.